Dolores **TORRIENTE**,
Plaintiff-Appellant,

v.

Ronald E. **STACKLER**,
Defendant-Appellee.

No. 75–1537.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 5, 1975.

Decided Feb. 5, 1976.

Chauncey Eskridge, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., Robert G. Epsteen, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before SWYGERT, RIVES and PELL, Circuit Judges.

RIVES, Circuit Judge.*

This appeal is from an order dismissing a complaint followed by a denial of leave to amend. In such a posture, the material allegations of the complaint as sought to be amended are taken as true.[1] Attached to the complaint as Exhibit A is an "administrative complaint" filed by the Illinois "Department of Registration and Education" against the present plaintiff. From the complaint itself, as sought to be amended, and from the attached administrative complaint, we glean the following material facts relevant to plaintiff's contentions of law.

I.

The plaintiff[2] is a black citizen of the United States, of Cuban descent, residing and working in the city of Chicago. For a number of years she has worked under a permit which allows her to practice medicine in a State hospital, when under the supervision of a physician duly licensed in Illinois to practice medicine in all of its branches. Her right to contin-

ue in the practice of medicine in a State hospital under such supervision is not contested or involved in this litigation.

The defendant is the Director of the Department of Registration and Education of Illinois charged with the administration of the Illinois Medical Practice Act, Illinois Revised Statutes (1973) ch. 91.

On or about June 11–13, 1974, the plaintiff attempted an examination conducted by the Medical Examining Committee of the Illinois Department of Registration and Education held in Cook County, Illinois.

On or about August 28, 1974, the Illinois Department of Registration and Education mailed a letter to the plaintiff which she received on August 30, 1974, and which reads as follows:

"We are pleased to advise you were successful in the recent Flex examination.

License Number 36–49716 has been issued to you and will be mailed as soon as office routine permits.

/s/ John B. Hayes
Superintendent of Registration"

No certificate of license has been mailed to the plaintiff. Instead, on or about December 30, 1974, the Department of Registration and Education, as complainant, filed against the present plaintiff, as respondent, an administrative complaint alleging that the quoted letter had been mailed "through accident, artifice, or some other means"; that in fact the plaintiff received a failing grade in said examination, and "does not now and never did qualify to practice medicine in all its branches in the state of Illinois because she never passed the examination necessary to qualify her for licensure in the State of Illinois."

---

* Senior Circuit Judge Richard T. Rives of the Fifth Circuit is sitting by designation.

1. *Walker, Inc. v. Food Machinery,* 1965, 382 U.S. 172, 174, 175, 86 S.Ct. 347, 15 L.Ed.2d

247; *Jenkins v. McKeithen,* 1969, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404.

2. In this opinion the parties will usually be referred to as plaintiff and defendant.

The administrative complaint concluded as follows:

"Wherefore, based on the foregoing allegations, the Department of Registration and Education, by Thomas Howard, its chief enforcement officer, charges that the license number 36–49716 to practice medicine in all branches of Dolores Torriente be revoked pursuant to the following provisions of law:

Chapter 91, § 3, Illinois Revised Statutes (1973)

Chapter 91, § 16(a)12 Illinois Revised Statutes (1973)" [3]

The plaintiff received a copy of the administrative complaint, and was notified of the date set for hearing, March 19, 1975. However, instead of proceeding with that hearing the plaintiff, on February 26th, filed her complaint in the present case.

In her amended complaint the plaintiff avers:

"Plaintiff is informed and believes that all examinations for a medical license are scored by computer, but reviewed by the Illinois Medical Examining Committee (composed of physicians) who make a quantative [sic] determination (commonly called "extension of the examination") whether the applicant passed or failed, then said Committee submits its written report to the Director; thereafter the Director acts upon said recommendation. This custom or procedure was followed in plaintiff's case, resulting in her having received said letter, dated August 30, 1974. This procedure comports with the Medical Practice Act, § 17.10, which provides, in pertinent part, to-wit:

'None of the functions, powers and duties enumerated in this (Medical Practice) Act shall be exercised by the Department (of Registration and Education) except upon the action and report in writing to the (Medical) Examining Committee which shall be composed of persons designated from time to time by the Director of Registration and Education . . . to take such action and to make such report for the profession involved herein.'

'The action or report in writing of the majority of the Committee designated is sufficient authority upon which the Director may act.'

'Whenever the Director is satisfied that substantial justice has not been done either in an examination, or in a formal disciplinary action, or refusal to restore a license or certificate, he may order a re-examination or re-hearing by the same or other examiners.'"

The plaintiff relies heavily upon § 3 of the Medical Practice Act quoted in footnote 3, *supra*. The plaintiff further insists that § 16(a)12 of the Act, also quoted in footnote 3, *supra*, is not available

---

**3.** Ill.Rev.Stat. (1973), ch. 91, § 3 states:

*Examination.*] No person, except as otherwise provided in this Act, shall hereafter receive such a license unless he shall pass an examination of his qualifications therefor by and satisfactorily to the Department of Registration and Education, hereinafter referred to as the Department.

Ill.Rev.Stat. (1973), ch. 91, § 16a(12) further provides:

*Revocation and suspension of license or certificate—Grounds—Limitation—Insanity—Resumption of practice on restoration.*] The Department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license, certificate or state hospital permit of any per-

son issued under this Act or under any other Act in this State to practice medicine, to practice the treatment of human ailments in any manner or to practice midwifery, or may refuse to grant a license, certificate or state hospital permit under this Act or may grant a license, certificate or State hospital permit on a probationary status subject to the limitations of the probation, and may cause any license or certificate which has been the subject of formal disciplinary procedure to be marked accordingly on the records of any county clerk upon any of the following grounds:

\* \* \* \* \* \*

12. A violation of any provision of this Act or of the rules and regulations formulated for the administration of this Act;

to defendant because there is no claim of any violation as therein described.

The plaintiff alleges also that on any trial of the administrative complaint she has no *right* to a bill of particulars or to take discovery depositions of the members of the Medical Examining Committee as it existed in June 1974 and "plaintiff fears irreparable injury, i. e., the loss of her license to practice medicine, by arbitrary methods, or a biased forum," in exercising its discretion not to accord her the basic rights of discovery.

In her amended complaint the plaintiff succinctly describes her position:

"This is a proceeding for a preliminary and permanent injunction predicated upon the unconstitutional application of the Illinois Medical Practice Act, mandatorily commanding defendant, Ronald E. Stackler, as Director of the Department of Registration and Education of the State of Illinois, to deliver to plaintiff a Certificate of License, No. 36–49716."

In support of that position plaintiff claims that the defendant is arbitrarily withholding, without a hearing, plaintiff's Certificate of License No. 36–49716, which she needs in order to be admitted to the staffs at hospitals other than state hospitals.

## II.

Our lengthy statement of facts and of plaintiff's contentions gleaned from her complaint, as sought to be amended, enables us to make a relatively brief disposition of her contentions.

### A.

■ We hold that the allegations of the administrative complaint sufficiently charge a ground upon which, if proved, the defendant may revoke or suspend such license to practice medicine as may have been granted to the plaintiff by the quoted letter. We repeat the statutory ground relied on from Ill.Rev.Stat. (1973) ch. 91 § 16a(12):

"12. A violation of any provision of this Act or of the rules and regula-

tions formulated for the administration of this Act."

■ The purpose of the examination scored by computer but revised by the Illinois Medical Examining Committee is to establish plaintiff's qualifications to practice medicine in the State of Illinois. Notwithstanding the language of the quoted letter, if in fact the plaintiff received a failing grade in the examination as reviewed by the Medical Examining Committee, then, of course, that examination has not established plaintiff's qualification to practice medicine in Illinois. Unless plaintiff has passed, or does pass, such an examination, she would violate the Act and the Rules and Regulations for its administration if she undertook to practice medicine in Illinois in reliance on the quoted letter. In the present posture, it would be a gross abuse of discretion for a federal court to order the defendant to deliver to plaintiff a certificate of license to practice medicine in Illinois. We think that much is clear, but if doubt existed, it should be resolved in favor of defendant because (1) the plaintiff's complaint alleges that defendant is "charged with the administration of the Illinois Medical Practice Act"; and (2) there can be no doubt that the defendant's construction of the Act is sufficiently reasonable to preclude the district court from substituting its judgment for that of the defendant. See *Train v. Natural Resources Defense Counsel*, 1975, 421 U.S. 60, 87, 95 S.Ct. 1470, 43 L.Ed.2d 731.

### B.

■ The issue to be decided on the hearing of the administrative complaint is whether, in truth and in fact, the plaintiff received a failing grade or a passing grade on the examination as judged and reviewed in accordance with the Illinois Medical Practice Act. It may be that plaintiff will need discovery or depositions to prove her contentions in the administrative hearing. Clearly the plaintiff will have the right to a prompt hearing of the administrative complaint to determine whether the defendant

must deliver to her a certificate of license to practice medicine in accordance with the quoted letter. Assuming that defendant's withholding of the certificate of license amounts to a pre-trial suspension, that is justified by the overriding public interest in seeing that only qualified persons be licensed to practice medicine in Illinois. *Cf. Hubel v. West Virginia Racing Commission*, 4th Cir., 1975, 513 F.2d 240, 243, 244.

In the record before us there appears a copy of the rules of practice in administrative hearings in the Illinois Department of Registration and Education. Article IX provides for "Subpoenas, and Notices to Appear and/or Produce." Article X provides for "Discovery Rights and Procedure." If not certainly so, in the absence of any contrary indication, it must be assumed that pertinent rules and regulations, or Illinois statutes, provide for prompt administrative hearings, and fair and competent Hearing Officers, having adequate powers to allow any necessary or appropriate discovery depositions, and otherwise to conduct a full and fair hearing of the administrative complaint.

The district court went no further than to hold that plaintiff's amended complaint, as then proposed, fails to state a claim upon which relief can be granted. Construed in the light of its memorandum opinion, the district court's order of dismissal is without prejudice to the filing of another complaint, if the plaintiff hereafter claims that the administrative hearing is being unduly delayed or is conducted so unfairly or arbitrarily as to violate the procedural due process to which the plaintiff is entitled.

The judgment of the district court is affirmed.

Affirmed.