(No. 52274.-

STEFAN STOJANOFF, Appellant, v. THE DEPART-
MENT OF REGISTRATION & EDUCATION *et al.*,
Appellees.

*Opinion filed March 28, 1980.*

Stewart D. Spitzer, of Bieber & Spitzer, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Stefan Stojanoff, filed a complaint in the circuit court of Cook County for administrative review (Ill. Rev. Stat. 1975, ch. 91, par. 16b.08; ch. 110, par. 267) of an order of the Director of the Department of Registration and Education (hereafter Department) revoking plaintiff's license to practice medicine in this State. The circuit court affirmed the Director's order. The appellate court reversed and remanded to the Department with directions (72 Ill. App. 3d 584), and we allowed plaintiff's petition for leave to appeal (73 Ill. 2d R. 315(a)). The relevant facts are adequately stated in the appellate court opinion (72 Ill. App. 3d 584, 585-88) and will be reviewed here only to the extent necessary to discuss the issues.

In June 1974 plaintiff sat for the Federation Licensing Examination (hereafter FLEX) to qualify for a license to practice medicine in this State. On six prior occasions he had taken and failed the examination given by the Department. A candidate for a license to practice medicine could fulfill the statutory requirement that he pass an examination "by and satisfactorily to the Department" (Ill. Rev. Stat. 1975, ch. 91, par. 3) by successfully completing either the National Board or the FLEX examination.

Department rules required that an applicant receive a general average of 75% with no grade below 60% in any of 12 subjects tested. Additionally, an applicant had to receive a general average of 75% in the clinical portion of the examination. Plaintiff received an overall score of

73.2% on the June 1974 FLEX and scored above 60% in all 12 categories tested. The evidence showed that plaintiff's test scores were raised by Beverly Mason, acting supervisor of the Department's Medical Section, and he was issued a license. The testimony was conflicting concerning whether the then existing Examining Committee (see Ill. Rev. Stat. 1973, ch. 91, par. 16b.10) (hereafter Committee) in fact authorized the changes and, if so, the reasons for so doing. Ms. Mason testified that she burned the shorthand notes of the minutes taken at the meeting of the Committee at which plaintiff's examination results and possible licensing were discussed.

Effective November 21, 1975, subsequent to the time when the Department's amended complaint seeking revocation of his license was served on plaintiff, the Medical Practice Act was amended to create the Illinois State Medical Disciplinary Board. (See Pub. Act 79—1130.) Although the record is not entirely clear, it appears that the members of the Medical Examining Committee continued on as acting members of the Medical Disciplinary Board. Because the alleged grounds for revocation might involve improprieties on the part of members of the Committee, the Director designated an attorney to serve as hearing officer. Over plaintiff's objection to the hearing officer's jurisdiction, hearings were held. The hearing officer filed a report in which he made findings of fact and drew conclusions of law, and recommended to the Director that the plaintiff's license to practice medicine be revoked.

The Director adopted the findings of fact, conclusions of law and recommendations of the hearing officer and ordered that plaintiff's license be revoked. The Director's order also provided that plaintiff be given the opportunity "to retake the FLEX examination at the earliest date when it is offered by the State of Illinois" and "that this revocation be deemed as technical in nature and not to

be construed as a violation pursuant to the practice of medicine."

The circuit court affirmed the Director's order and plaintiff appealed. The appellate court, after reviewing the authorities and the standards of due process, said, "The hearing afforded plaintiff in the instant case, absent Board review, did not meet the foregoing standards. Accordingly, we reverse and remand with instructions that the report of the hearing officer be submitted to the Board or other duly constituted examining committee for review and recommendation to the present Director." 72 Ill. App. 3d 584, 589.

Plaintiff contends that the hearing conducted by the hearing officer alone was illegal and void and that the provisions of the Medical Practice Act, and constitutional due process, entitle him to a hearing *de novo* by a peer examining committee of the charges against him. He argues that the statute requires that the Committee "hear" the case and that the "single handed hearing" conducted by the hearing officer was therefore void. He argues further that because plaintiff is entitled to a hearing and not merely a review by a peer examining committee, the appellate court erred in holding "that the findings of the hearing officer are still viable and that on remand the Board's function is simply to 'review' or 'interpret' those findings."

This court has held "that, in the absence of statutory provisions to the contrary, it is not necessary that testimony in administrative proceedings be taken before the same officers who have the ultimate decision-making authority." (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 128.) Under the provisions of section 17.10 of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16b.10) the examining committees were "composed of persons designated from time to time by the Director of Registration and Education ***." The

amendment effected by Public Act 79–1130 (1975 Ill. Laws 3478) created the State Medical Disciplinary Board, the members of which were appointed by the Governor, with the advice and consent of the Senate. It appears from colloquy between the Director and plaintiff's counsel, upon argument of plaintiff's petition for rehearing, that immediately following the effective date of the amendment, the acting members of the Disciplinary Board were the same individuals whose conduct was brought into question by the allegations of the amended complaint. The record does not show whether these same individuals were members of the Medical Disciplinary Board at the time of the hearing in this case. The record shows that the complaint to revoke plaintiff's license was filed by the Department on December 30, 1974; that the amended complaint was filed on October 20, 1975, and the hearing held in April and May 1976. We note that on the date of the filing of the Department's complaint and continuously since that time, section 17.10 of the Medical Practice Act (Ill. Rev. Stat. 1973, ch. 91, par. 16b.10; Ill. Rev. Stat. 1975, ch. 91, par. 16b.10; Ill. Rev. Stat. 1977, ch. 111, par. 4449) provided in part:

> "Whenever the Director is satisfied that substantial justice has not been done either in an examination, or in a formal disciplinary action, or refusal to restore a license or certificate, he may order a re-examination or re-hearing by the same or other examiners."

Clearly it was contemplated that hearings would be held by other than the examining committee or Medical Disciplinary Boards provided for in the statute. In the absence of a statutory provision to the contrary, the designation of an impartial hearing officer was appropriate and proper.

The transcript of the proceedings before the hearing officer shows that plaintiff was given every opportunity to cross-examine witnesses and to adduce testimony.

Plaintiff's brief does not indicate what further testimony or evidence could be introduced were a hearing *de novo* to be granted. We hold, therefore, that neither the provisions of the statute nor the standards of due process require remandment for a hearing *de novo*. The appellate court did not err in directing that upon remandment to the Department the record be submitted to the Medical Disciplinary Board "for review and recommendation to the present Director." 72 Ill. App. 3d 584, 589.

Plaintiff contends that "it offends his constitutional proprietary right and the notion of fundamental fairness to order the continued revocation of his medical license pending further administrative proceedings—especially in the absence of evidence of any impropriety, fraud, misrepresentation or mistake which led to the issuance of his license." We do not agree. Section 17.08 of the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, par. 4447) provides in part:

"During the pendency and hearing of any and all Judicial proceedings incident to such disciplinary action the sanctions imposed upon the accused by the Department shall remain in full force and effect."

It is true that plaintiff is not accused of any wrongdoing, but we find persuasive the holding of the court of appeals in *Torriente v. Stackler* (7th Cir. 1976), 529 F.2d 498. In *Torriente* the plaintiff had been mailed a letter by the Department of Registration and Education advising her that she had successfully completed "the recent Flex examination" (529 F.2d 498, 499) and that a license was being issued to her. No license was issued, and the Department filed an administrative complaint alleging that the quoted letter had been mailed "through accident, artifice, or some other means" (529 F.2d 498, 499), and that in fact the plaintiff had received a failing grade in the examination and was not qualified to practice medicine in Illinois. The plaintiff sought an injunction in the district

court of the United States commanding the Director of the Department of Registration and Education to deliver her medical license to her. The district court dismissed the complaint and plaintiff appealed. In affirming, the court of appeals said: "Assuming that defendant's withholding of the certificate of license amounts to a pre-trial suspension, that is justified by the overriding public interest in seeing that only qualified persons be licensed to practice medicine in Illinois." (529 F.2d 498, 502.) We agree.

Plaintiff has briefed and argued several other contentions which we need not consider at this time. Whether they need ever be addressed depends upon the action taken upon remand, and as the court said in *Mahin v. Baltis* (1966), 34 Ill. 2d 413, 421, "issues that may thereafter arise are not now presented for decision." For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*