ROBERT W. BLUMSTEIN, M.D., Plaintiff-Appellant, v. GARY L. CLAYTON, Director of the Department of Education and Registration, Defendant-Appellee.

First District (5th Division)   Nos. 84—2892, 85—3314 cons.

Opinion filed December 31, 1985.

Arvey, Hodes, Costello & Burman, of Chicago (Malcolm S. Kamin and Bob Clark, Jr., of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General and Imelda R. Terrazino, Assistant Attorney General, both of Chicago, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an interlocutory appeal from the denial of plaintiff Robert Blumstein's motion for a temporary restraining order and preliminary injunction. Following an administrative hearing, defendant Gary Clayton, Director of the Department of Registration and Education, suspended plaintiffs license to practice medicine for 90 days and placed plaintiff on probation for two years. Plaintiff filed a complaint for administrative review and sought to enjoin defendant from enforcing sanctions pending review. The trial court ruled that section 17.08 of the Medical Practice Act (Ill. Rev. Stat. 1983, ch. 111, par. 4447) prohibited any injunction and was constitutional. On appeal, plaintiff contends that section 17.08 violates his right to equal protection of the laws (see U.S. Const., amend. XIV, sec. 1; Ill. Const. 1970, art. I, sec. 2), and invades the inherent power of the judicial branch (see Ill. Const. 1970, art. VI, secs. 1, 9). We discuss relevant facts in the con-

text of the parties' contentions.

The Medical Practice Act requires licensure of all persons who treat human ailments, and delegates enforcement of the licensing system to several administrative agencies. (Ill. Rev. Stat. 1983, ch. 111, par. 4401 *et seq.*) Section 17.08 of the Act provides for judicial review of agency decisions pursuant to the Administrative Review Law (see Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), and further provides:

> "During the pendency and hearing of any and all judicial proceedings incident to such disciplinary action the sanctions imposed upon the accused by the Department shall remain in full force and effect." (Ill. Rev. Stat. 1983, ch. 111, par. 4447.)

In *Ming Kow Hah v. Stackler* (1978), 66 Ill. App. 3d 947, 383 N.E.2d 1264, we noted a conflict between section 17.08 of the Medical Practice Act, which prohibits a stay, and section 3—111(a)(1) of the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(a)(1)), which authorizes a stay. This court held as a matter of statutory construction that section 17.08 prevailed over the earlier enacted, more general provision of the Administrative Review Act. (*Ming Kow Hah v. Stackler* (1978), 66 Ill. App. 3d 947, 953-54, 383 N.E.2d 1264.) *Ming Kow Hah* did not address the constitutionality of prohibiting a stay pending review.

■ Plaintiff first contends that section 17.08 violates the equal protection clause by treating physicians differently from other health care professionals. This distinction is irrational, he argues, because health care professionals such as nurses and therapists may cause harm to their patients just as doctors may cause harm, but these other professionals may obtain a stay of sanctions whereas doctors may not. Defendant responds that the legislature could legitimately conclude that sanctioned doctors pose a greater danger to the public than other sanctioned health-care professionals, given doctors' frequent involvement in life and death decisions, their power to direct the actions of other health care professionals, and their special position of trust in relation to patients.

Generally, equal protection permits differential classification which is rationally related to a legitimate government interest. (*Begich v. Industrial Com.* (1969), 42 Ill. 2d 32, 35-36, 245 N.E.2d 457.) We agree with defendant that sanctioned doctors present a greater risk of harm to the public than other health care professionals, and we believe that this greater risk justifies the separate treatment of decisions affecting the licenses of doctors. The generic phrase "health care professionals" include dentists, optometrists, pharmacists, nurses, physical therapists, psychologists, physicians and others. "The State was not

bound to deal alike with all these classes, or to strike at all evils at the same time or in the same way. It could deal with the different professions according to the needs of the public in relation to each." (*Semler v. Oregon State Board of Dental Examiners* (1935), 294 U.S. 608, 610-11, 79 L. Ed. 1086, 1089, 55 S. Ct. 570, 571.) Courts of this State have repeatedly recognized the great public need in strict regulation of physicians. See, *e.g., Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825; *Schyman v. Department of Registration & Education* (1956), 9 Ill. App. 2d 504, 522-23, 133 N.E.2d 551, *cert. denied* (1957), 352 U.S. 1001, 1 L. Ed. 2d 545, 77 S. Ct. 557.

Plaintiff argues that section 17.08 does not rationally advance the State's interest in protecting the public because section 17.08 governs only the time when sanctions are imposed, and from a public health standpoint it cannot matter whether plaintiff's license is suspended before judicial review or after. We reject this argument. The State has a strong interest in protecting the public at the earliest time consistent with the law. (See *Stojanoff v. Department of Registration & Education* (1980), 79 Ill. 2d 394, 403 N.E.2d 255. *Cf. Kurtzworth v. Illinois Racing Board* (1981), 92 Ill. App. 3d 564, 585-90, 415 N.E.2d 1290.) We can conceive a number of ways in which the prohibition of a stay pending review helps to protect the public. Where the sanction is revocation, section 17.08 protects the public for a longer period of time. Where a sanction short of revocation is imposed, such as the suspension and probation imposed here, the sanctions presumably serve rehabilitative and deterrent functions. Section 17.08 returns rehabilitated physicians to their practice as soon as possible after an unfavorable finding, and avoids the dilution of deterrent effect which delay would promote.

In our view, section 17.08 is essentially a risk-shifting device. Recognizing the possibility of erroneous decisions by administrative agencies, the legislature provided for judicial review, but allocated the risk of error to the doctor as opposed to the public. That the legislature balanced the risks differently as to other health care professionals is unremarkable. We conclude that section 17.08 does not violate plaintiff's right to equal protection of the law.

Plaintiff also contends that section 17.08 invades the inherent power of the judiciary. (See Ill. Const. 1970, art. VI, secs. 1, 9.) He argues that section 17.08 violates the principle of checks and balances because it negates the traditional power of the courts to balance equities and maintain the status quo between the parties. According to plaintiff, the courts' inability to enjoin sanctions pending review amounts to a grant of unbridled discretion to an executive agency.

Defendant argues that the courts' power in administrative review derives solely from statute, and that the prohibition of a stay is consistent with the Illinois Constitution.

The Illinois Constitution grants to the circuit courts "original jurisdiction of all justiciable matters," but provides that the courts "shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, sec. 9.) Administrative review is fundamentally different from original jurisdiction: "when a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source." (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210.) Plaintiff's argument proceeds from the erroneous assumption that the circuit court exercises its original jurisdiction concurrent with its power to review administrative decisions. It is true that section 17.08 negates a traditional power of the circuit court, but we find that this limitation is specifically authorized by the constitution.

■ Although plaintiff refers to due process in his argument heading, he advances no argument that section 17.08 violates the due process clause. Technically, we are under no duty to consider such matters. (See 87 Ill. 2d Rules 341(e), (f).) Yet much of plaintiff's argument concerning equal protection and judicial power is aimed at fairness. He argues that it is unfair to disrupt his medical practice until a court has considered whether any basis for a sanction exists. Because plaintiff has argued the issue implicitly if not explicitly, we address due process briefly.

■ Due process does not require a right to appeal in every case (*Yellow Cab Co. v. Jones* (1985), 108 Ill. 2d 330, 338, 483 N.E.2d 1278), and while judicial review is an important factor in assessing the delegation of power to an administrative body, it is not an absolute right. (*Glasco Electric Co. v. Department of Revenue* (1980), 87 Ill. App. 3d 1070, 1072, 409 N.E.2d 511, *aff'd* (1981), 86 Ill. 2d 346, 427 N.E.2d 90; *Board of Education v. Gates* (1974), 22 Ill. App. 3d 16, 20, 316 N.E.2d 525.) "The demands of due process are proportional to the weight of the interest being protected in balancing that interest against the countervailing interests of society." (*Rios v. Jones* (1976), 63 Ill. 2d 488, 497, 348 N.E.2d 825.) Our supreme court rejected a due process challenge to section 17.08 in *Stojanoff v. Department of Registration & Education* (1980), 79 Ill. 2d 394, 403 N.E.2d 255. The *Stojanoff* court quoted with approval the following language from *Torriente v. Stackler* (7th Cir. 1976), 529 F.2d 498, 502:

" 'Assuming that defendant's withholding of the certificate of

license amounts to a pretrial suspension, that is justified by the overriding public interest in seeing that only qualified persons be licensed to practice medicine in Illinois.' " 79 Ill. 2d 394, 400.

■ We do not believe that plaintiff has been deprived of due process. The instant sanctions were imposed after a full hearing before the Medical Disciplinary Board. The Board found that plaintiff committed incompetence and misconduct, and these findings are entitled to a presumption of correctness. (See Ill. Rev. Stat. 1983, ch. 110, par. 3—110.) Although it may not stay sanctions, the circuit court has the power to affirm, reverse or remand defendant's decision. (See Ill. Rev. Stat. 1983, ch. 110, par. 3—111.) If the sanctions are found to be "without any reasonable basis in fact," then plaintiff will be entitled to special damages. (See Ill. Rev. Stat. 1983, ch. 111, par. 4451.) Of course, if the sanctions are reversed outright, plaintiff will have suffered disruption in his medical practice, but we consider this to be the necessary consequence of the balance struck by the legislature between protecting plaintiff's license and protecting the public from plaintiff.

At oral argument, a question arose as to the scope of the order from which this appeal was taken. Subsequently, defendant moved to dismiss the appeal as moot because the 90-day suspension had already run. Plaintiff responded in part by taking a separate appeal from a new order denying a stay of the two year probation. We denied defendant's motion to dismiss and consolidated plaintiff's appeals for opinion. Our review of the record indicates that plaintiff's original motion sought to enjoin the suspension and the probation, and the trial court denied his motion as to both. Therefore, the second appeal duplicates the subject matter of the first, and our opinion disposes of both appeals.

For the foregoing reasons, the order of the circuit court denying a temporary restraining order and preliminary injunction is affirmed.

Affirmed.

MEJDA, P.J.*, and SULLIVAN, J., concur.

---

*This opinion was concurred in prior to the retirement of Presiding Justice James J. Mejda from the court.