FEBE ARCEO, Plaintiff-Appellee, v. STEPHEN F. SELCKE, Director, The Department of Professional Regulation, *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—90—1793

Opinion filed February 20, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellants.

William J. Larned, of Wilmette, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Following a decision by defendants, the Department of Professional Regulation and its Director, Stephen F. Selcke, to suspend the nursing license of plaintiff, Febe Arceo, the circuit court of Cook County set aside their order. The circuit court entered its order on May 17, 1990. Defendants filed their notice of appeal on June 18, 1990.

On appeal, defendants argue that the trial court erred in setting aside their decision to suspend plaintiff's license. They contend that (1) their decision was a constitutional application of the Illinois Nursing Act (Ill. Rev. Stat. 1985, ch. 111, par. 3401 *et seq.*); (2) their decision is based on public safety and therefore the doctrine of estoppel is not applicable; and (3) their decision to have plaintiff repeat her nursing program was not unreasonable or arbitrary under the Act.

We affirm.

Plaintiff, Febe Arceo, earned her bachelor of science degree in nursing from Arellano University in the Philippines in May 1979. Between July 1981 and February 1986, plaintiff took and failed the nursing examination on seven occasions, in both Illinois and Wisconsin. On plaintiff's eighth attempt, she successfully passed the Wisconsin nursing exam in July 1986 and was issued her license in August 1986.

In October 1986, plaintiff applied for her license by endorsement in Illinois on the basis of her Wisconsin registration. (Ill. Rev. Stat. 1985, ch. 111, par. 3428.) Her application was complete, including all of her NCLEX testing history—seven failures and her success in July 1986. NCLEX is an examination format that was introduced in July 1982. The nursing exam is no longer graded according to categorized topics. An examinee will receive a single grade for the entire exam.

The Department of Professional Regulation (the Department) issued plaintiff a nursing license in November 1986. Issuance of this license was in error under the Illinois statute enacted in 1981. It provided that applicants for nurse licensure could only take the national examination six times. Failure beyond that number meant that the applicant had to return to nursing school to repeat the entire program. (Ill. Rev. Stat. 1985, ch. 111, par. 3428.2.) The statute was reenacted in the Illinois Nursing Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 3515). The State of Illinois counts previous examination failures in all States against its applicants, not just failures of the Illinois examination.

In September 1987, the Department notified plaintiff's attorney that plaintiff had been licensed in error and therefore her license would be cancelled effective October 15, 1987. According to the Department, the error was caused by plaintiff having a different last name and social se-

curity number when she had previously taken and failed the Illinois exams. Plaintiff's attorney notified the Department that plaintiff's license could not be terminated without a statement of grounds, notice, and a hearing. The Department then sent a second letter on October 7, 1987, stating that the license was to be cancelled in eight days.

Plaintiff filed a complaint for injunctive relief in October 1987 to enjoin the Department from cancelling her license without affording her a hearing. On March 11, 1988, an administrative hearing took place. The Department ordered that plaintiff's certificate of registration be revoked on August 17, 1988. The trial court responded to this decision in April 1989 and remanded the cause to the Department for further consideration of the penalty invoked.

In October 1989, six months after remand, attorneys for both sides were asked to submit written memoranda supporting their positions regarding the penalty to be invoked against plaintiff. The Department's memorandum was never sent to plaintiff's attorney. The memorandum cited a case entitled Department of Registration and Education v. Lingad-Fama, No. 87—2197, a case not previously mentioned in any of the Department's briefs in the circuit court.

In December 1989, plaintiff filed a motion to amend judgment and order full reinstatement of her license. She cited the Department's delayed response to the court's remand order of April 1989. On January 16, 1990, the court, on its own motion, issued a rule to show cause against the Department's nursing coordinator. The matter was continued until February 2, 1990.

On January 5, 1990, the Department's Committee on Nursing (the Committee) issued a decision recommending that revocation of plaintiff's license was correct and consistent with legislative intent. Plaintiff filed for a rehearing of the Committee's recommendation on February 1, 1990. On February 2, a hearing was held on plaintiff's motion to amend judgment and on the court's rule to show cause. No explanation was given for the Department's delay. Plaintiff's motion to amend judgment was denied and the Director of the Department was ordered to rule on plaintiff's request for a rehearing by March 8, 1990.

At the end of February, the Director denied plaintiff's motion for a rehearing and considered the Committee's recommendation. The Director chose to suspend rather than revoke plaintiff's license. The suspension would remain until plaintiff presented a certificate of recompletion of her professional training. A hearing followed and the circuit court set aside defendants' decision and ordered defendants to reinstate plaintiff's nursing license. This appeal followed.

■ This court gives deference to the trial court on review. An appellate court will not disturb a trial court's findings of fact unless they are against the manifest weight of the evidence. (*Hill v. Name & Addresses, Inc.* (1991), 212 Ill. App. 3d 1065, 1077-78.) Defendants contend that the circuit court's decision ignores action taken by them and allows a nursing license to issue to plaintiff, who did not meet the statutory qualifications to be a licensed nurse. "The Department's major purpose in licensing is to prevent injury to the public by ensuring that the nursing profession is practiced with honesty and integrity and that the unskilled are excluded." (*Yu v. Clayton* (1986), 147 Ill. App. 3d 350, 356; see Ill. Rev. Stat. 1985, ch. 111, pars. 3402, 3403.) Plaintiff was a licensed practitioner in the State of Wisconsin. The director of nursing at St. Francis Extended Care, plaintiff's employer, testified that plaintiff had done an excellent job as a registered nurse and that there had been no complaints concerning her activities. Plaintiff, educated in the Philippines, had obtained a degree in graduate nursing and also a bachelor of science degree in nursing. She had also practiced two years as a clinic nurse at the Manila International Airport before coming to the United States. Given her background, the trial court found no evidence that to allow plaintiff to keep her license would be detrimental to the purpose of enforcing a license requirement.

■ According to defendants, the State of Illinois has a compelling interest in protecting the public and in establishing standards for licensing practitioners. Despite the broad discretion given the State in promoting this interest, the rights of the individual must not be forgotten. The right of the individual to pursue his or her career is discussed in *Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389:

> "It is a well-established constitutional principle that every citizen has the right to pursue a trade, occupation, business or profession. This inalienable right constitutes both a property and a liberty interest entitled to the protection of the law as guaranteed by the due process clauses of the Illinois and Federal constitutions." *Coldwell Banker Residential Real Estate Services of Illinois, Inc.*, 105 Ill. 2d at 397.

The Illinois standard is different from that of Wisconsin in terms of the penalties for failure to pass the nursing examination. The Department was able to apply the statute to justify its finding that plaintiff was not eligible for licensure by endorsement. However, the issue is the means by which it sought to enforce its findings.

First, defendants attempted to unilaterally cancel or revoke plaintiff's license effective October 15, 1987. Then plaintiff filed for injunc-

tive relief. An order was entered and the action was dismissed. A hearing was held and the Department's disciplinary procedures in a case entitled Department of Registration and Education v. Cipriano Medrano, No. 86—261, were discussed. However, in July 1988, the Committee on Nursing recommended that plaintiff's license be revoked. The following month, the Director of the Department decided to suspend plaintiff's license. In response, the circuit court entered an order remanding the matter to the Department for further consideration of the penalty being imposed. The case was held by the Department for 11 months. During that period, the Committee requested both sides to submit memoranda supporting their positions. Plaintiff's attorney never received the memorandum of the Department. Further, the Department's memorandum cited Department of Registration and Education v. Lingad-Fama, No. 87—2197. The case of Lingad-Fama can be distinguished from the instant case because it involved a finding of fraud by the Department due to Lingad-Fama's failure to provide all of her exam failures on the application. Plaintiff's attorney had no opportunity to refute the Lingad-Fama case, as it had never been mentioned in any of the Department's briefs in the circuit court.

"Proceedings under an administrative agency are subject to the requirements of due process of law." (*Abrahamson v. Department of Professional Regulation* (1991), 210 Ill. App. 3d 354, 369.)

> "In determining whether a party is entitled to due process, either substantive or procedural, he must first establish the existence of a liberty or property interest. [Citation.] To have a property interest a person must have more than a unilateral expectation of it; rather, he must have a legitimate claim of entitlement to it." (*Groenings v. City of St. Charles* (1991), 215 Ill. App. 3d 295, 307.)

Given the evidence presented, the trial court found a denial of due process. We hold that its finding was not against the manifest weight of the evidence.

In submitting that granting plaintiff the license was beyond their statutory authority, defendants then contend that the doctrine of equitable estoppel cannot be invoked to reinstate her license. Their support for this contention comes from *Evans v. Benjamin School District No. 25* (1985), 134 Ill. App. 3d 875. This case discusses the granting of tenure to a teacher who did not have the number of hours required to achieve tenure status under the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 1—1 *et seq.*). The school board was without authority to grant tenure in this situation. It was held that the doctrine of estoppel could not be in-

voked to validate an *ultra vires* act. Defendants also cite a passage from the April 1989 decision of the circuit court:

"To allow an unlicensed person to practice the profession of nursing places those in need of medical care at great risk. Where the financial inconvenience of the plaintiff in being denied an erroneously issued nursing license is weighed against the risk to health care patients being cared for by a nurse who does not meet the licensing requirements of Illinois law, this court cannot say the department acted arbitrarily or capriciously by refusing to apply the doctrine of equitable estoppel."

The basis for distinguishing *Evans* and the 1989 decision from the case at issue is plaintiff's status as practitioner. In *Evans*, the teacher was seeking tenure for the first time without having it granted by another school board or at another place. More importantly, in the 1989 decision, the trial court specifically uses the phrase "an unlicensed person." This is not an accurate description of plaintiff in the case at bar. She is a licensed practitioner in the State of Wisconsin and sought a license by endorsement in Illinois. She was issued a license and began to practice nursing in this State. The initial issuance of this license was due to an error by the Department. Testimony revealed that the subsequent removal of her license was in no way a reflection upon plaintiff's professional capabilities. Further, the severity of the penalty in the case at bar as compared to that in the case of the Department of Registration and Education v. Medrano, No. 86—261, constitutes an arbitrary use of agency discretion.

On review, this court will give deference to the discretionary authority of an administrative agency. We will not interfere with that discretionary authority unless it is exercised in an arbitrary or capricious manner or its administrative order is against the manifest weight of the evidence. (*Cotovsky v. Department of Registration & Education* (1982), 110 Ill. App. 3d 417, 423.) Appellate review of agency sanctions is as follows:

"[W]hen determining whether an administrative decision is contrary to the manifest weight of the evidence, a court should consider the severity of the sanction imposed. *Cartwright v. Illinois Civil Service Comm'n* (1980), 80 Ill. App. 3d 787, 793, 400 N.E.2d 581, 586; *Kelsey-Hayes Co. v. Howlett* (1978), 64 Ill. App. 3d 14, 17, 380 N.E.2d 999, 1002. Contra *Epstein v. Civil Service Comm'n* (1977), 47 Ill. App. 3d 81, 84, 361 N.E.2d 782, 785.

An alternative formulation of the rule is that, when judging whether an agency sanction is arbitrary or unreasonable, manifest weight of the evidence is not the applicable standard of re-

view, because the reasonableness of the sanction, not the correctness of the agency's findings or reasoning, is the issue." (*Letourneau v. Department of Registration & Education* (1991), 212 Ill. App. 3d 717, 731.)

Defendants contend that suspending plaintiff's license until she repeats an approved nursing program is reasonable and related to the goals of the statute. Yet the circuit court took issue with the penalty imposed in light of the case entitled Department of Education and Registration v. Cipriano Medrano, No. 86—261.

The differences between the Medrano case and the case at issue served only to strengthen the court's concern that the Department was not engaged in a uniform application of the law. Medrano was accused of fraud by not listing on his nursing application the prior exams he had failed in Wisconsin. In the instant case, plaintiff filled out the application, listing all of her previous examination failures in Illinois and in Wisconsin. Medrano was applying to obtain his Illinois license by examination. There was some question as to whether he had given complete information concerning his previous failures. Plaintiff was officially licensed in Wisconsin and merely sought license by endorsement in Illinois, which she was granted. She worked for more than a year at St. Francis Extended Care Nursing facility, receiving no complaints regarding any of her professional activities.

"[I]n reviewing penalties, courts generally consider mitigating circumstances such as professional skills and good reputation." (*Graham v. Illinois Racing Board* (1986), 145 Ill. App. 3d 383, 390, citing *Citrano v. Department of Registration & Education* (1980), 90 Ill. App. 3d 937, 940.) Medrano was allowed to continue as an Illinois registered nurse. His only penalty was a requirement that he take one review course as a part of a one-year probation. In stark contrast, plaintiff is being forced not to practice at all by having her license revoked as well as having to repeat an entire nursing program.

For the foregoing reasons, we hold that the decision of the trial court was not against the manifest weight of the evidence, and we affirm its decision to set aside the order of defendants.

Affirmed.

LINN and McMORROW, JJ., concur.