MICHELE CITRANO, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Defendants-Appellants.

First District (5th Division)    No. 79-1830

Opinion filed November 21, 1980.

William J. Scott, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellants.

William M. Brandt, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this action, plaintiff sought administrative review of his barber license revocation. The circuit court reversed and remanded to the Department of Registration and Education (Department) to impose a sanction of no more than a three-month suspension.

It appears that plaintiff was issued a registered barber's certificate in 1972 under a statutory provision permitting a licensing of barbers from other States or countries. (Ill. Rev. Stat. 1971, ch. 16 3/4, par. 14.55.)[1] In 1977, the Department filed an administrative complaint against plaintiff, alleging in relevant part that certain statements in his application for a license and in the supporting documents were false and that he conspired with others in submitting a false application and receiving improper assistance in the barber's written examination.

There is no relevant dispute as to the facts presented at the hearing on the complaint before the Barber's Committee. They disclose that plaintiff was born in Italy and worked there as a barber for six years before going to England where he continued his trade for 11 years. He then came to this country, and eventually to Chicago, intending to be a barber. When he went to look for work at a barber shop, plaintiff was told by the owner that he needed a license, and a barber in that shop named Sam (otherwise unknown by plaintiff) offered to assist in obtaining that license. According to plaintiff, Sam obtained and filled out a license application which was signed by plaintiff, who also gave Sam $25 "for the State." Plaintiff took written and practical examinations and, shortly thereafter, received his license—following which he has worked continuously in a barber shop in downtown Chicago. He is married and lives with his wife and two children in their own suburban home.

Plaintiff admitted that he did not know the two persons listed as character witnesses on the application, and it appears from the questioning at the hearing that he did not have familiarity with the English language to the extent that he could have successfully completed the written examination.

Joseph Giamatto, one of the persons listed as a character witness on plaintiff's application, testified that he did not know plaintiff; that he did not sign his name on plaintiff's application; and that he did not give plaintiff permission to use his name as a character witness. Four witnesses (two of whom knew plaintiff before he came to Chicago) testified as to his competence as a barber and to his good character.

---

[1] The Barbering License Statute is now designated Ill. Rev. Stat. 1979, ch. 111, par. 1601 et seq.

The Barber's Committee found in substance that statements in plaintiff's application were false in that he did not know the persons listed as character witnesses; that he was unable to read the English language at a level sufficient to have successfully taken the written examination; and that plaintiff conspired with a person who was known only to him to make a false application and to receive improper assistance in the examination. The Committee concluded that these findings constituted a lack of good moral character and recommended revocation of plaintiff's license, which was approved by the defendant, Joan G. Anderson, Director of the Department.

In setting aside the revocation, after stating its belief that the purpose of the examination procedure was to determine plaintiff's good character and competence as a barber, the circuit court concluded that plaintiff's conduct in 1972 in failing to provide proper reference witnesses and his indicated inability at that time to complete the written examination in English had little materiality in the light of the uncontroverted evidence of his present good character and barbering skills. Finding that under the circumstances here the sanction of revocation was arbitrary and capricious, the court reversed and remanded to the Department for the imposition of a sanction not to exceed three months' suspension.

OPINION

The seminal issue on appeal as presented by defendants is whether the Department acted arbitrarily in revoking plaintiff's license on findings that he submitted a sworn application listing as character witnesses persons not known to him and that he received improper assistance in passing the written examination.

■■ When an administrative agency is vested with discretion in making a determination, courts will not substitute their judgment for that of the agency absent a showing of an abuse of discretion. (*Zions v. Police Board* (1978), 67 Ill. App. 3d 680, 385 N.E.2d 51.) However, an agency abuses its discretion when it acts arbitrarily and capriciously (see *Southern Illinois Asphalt Co. v. Pollution Control Board* (1975), 60 Ill. 2d 204, 326 N.E.2d 406; *Health Resources Foundation v. Department of Health* (1978), 61 Ill. App. 3d 335, 377 N.E.2d 1056) or when it imposes a sanction overly harsh in view of the mitigating circumstances (*Cartwright v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 787, 400 N.E.2d 581; *Kelsey-Hayes Co. v. Howlett* (1978), 64 Ill. App. 3d 14, 380 N.E.2d 999).

In the instant case, the circuit court did not set aside any of the findings of the Department. It held, in effect, that under the totality of the circumstances they had little materiality and were of such trivial nature that the revocation of the license based thereon was so overly harsh as to be arbitrary.

Defendants, however, state their position as follows: "As plaintiff submitted a false application and received improper assistance in passing the written examination, the revocation of his license is not based on conduct which is so trivial as to be unreasonable, arbitrary or capricious." We disagree.

First, it appears that the Department itself initially attached little significance to the complained of conduct. While it received the application from the plaintiff in 1972, it took no action until the instant complaint was filed in 1977. The predominent purpose in licensing a trade or profession is the prevention of injury to the public by assuring that the occupation will be practiced with honesty and integrity excluding those who are incompetent or unworthy. (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, *cert. denied sub nom. Ranquist v. Director of the Department of Registration & Education* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309.) Surely if the Department believed that the character and the possibility of improper assistance in the examination were important considerations in the licensing procedure, the protection of the public required that complaints concerning them be brought without delay. Second, there appears no question that at the time of his application and at the present time plaintiff was and is a professionally skilled barber. Additionally, there was uncontradicted testimony of witnesses as to plaintiff's present good character, which is also indicated by the testimony that he has worked continuously at the same barber shop in downtown Chicago since receiving his license and that he resides with his wife and children in their own home in a suburb thereof.

■■ Defendants, in their brief, state that the Department concluded that the findings of the Barber's Committee concerning the application "constitute a lack of good moral character and are grounds for revocation." We note, however, that other than the conduct complained of, there is nothing in the record to indicate plaintiff was not a person of good moral character at the time of his application and it is undisputed that he did then and does now have the necessary professional skills and is presently a person of good character. While conduct such as found by the Barber's Committee is not and should not be condoned, it would appear that the public welfare would not be particularly served by the revocation of his license at this time.

In the light of the foregoing and considering all of the circumstances, we are in agreement with the holding of the circuit court that the sanction of revocation was of such harshness as to be arbitrary, and we affirm its reversal of that sanction.

Concerning the court's direction that the Department on remandment impose a suspension of not more than three months, we note that as a general rule the determination of a period of suspension should be left

to the Department on the basis that it is better suited to do so. However, in this appeal defendants have contended only that revocation of the license was a proper sanction and, although it is implicit in the circuit court's ruling that a sanction of more than three months would also be arbitrary, defendants have raised no question as to the authority of the circuit court either to modify the revocation or to remand with a limitation on the period of suspension to be imposed. In the light thereof, and because this matter involves a complaint filed in 1977 on a 1972 application for license, we believe it would be in the best interest of all concerned that the circuit court's direction on remandment also be affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.