EDWARD W. ARDT, Plaintiff-Appellee, v. THE DEPARTMENT OF PRO-
FESSIONAL REGULATION, Defendant-Appellant.

First District (4th Division) Nos. 1—90—0797, 1—90—2579 cons.

Opinion filed July 25, 1991.

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield (Robert J. Ruiz and Rosalyn B. Kaplan, Solicitors General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for Department of Professional Regulation.

James D. Goodman, of Chicago, for Edward W. Ardt.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The Illinois Department of Professional Regulation filed a complaint against Edward Ardt, a practicing dentist, alleging violations of the Illinois Dental Practice Act (Ill. Rev. Stat. 1987, ch. 111, par. 2301 et seq. (repealed by Pub. Act 81—999, as amended by Pub. Act 84—365, §4.8, eff. December 31, 1995) (the Regulatory Agency Sunset Act, eff. September 22, 1979)). Specifically, the Department of Professional Regulation asserted that Ardt had violated certain advertising provisions of the Act. At the conclusion of the administrative proceedings, Ardt was determined to have been in violation of the Dental Practice Act. He was placed on probation for two years during which time he was to submit copies of all his advertisements to the Department. He was also ordered to pay a $500 fine.

Ardt filed a complaint in the circuit court for administrative review of the Department's decision. In his complaint, Ardt challenged

the validity of the advertising provisions under which he was charged, asserting among other challenges that the advertising provisions violated his first amendment right to free speech. Ardt also filed a petition for a temporary restraining order, requesting that the court stay the sanctions imposed by the Department pending review. The circuit court granted Ardt's petition for a restraining order. The Department filed an interlocutory appeal, arguing that the circuit court erred in granting Ardt's petition to stay the sanctions. The interlocutory appeal was later consolidated with Ardt's appeal from the decision of the circuit court affirming on the merits the Department's determination.

The Illinois Department of Professional Regulation bases its assertion that the circuit court exceeded its authority in entering a stay of the sanctions the Department had imposed on a provision of the Illinois Dental Practice Act that states the following:

> "During the pendency and hearing of any and all judicial proceedings incident to such disciplinary action any sanctions imposed upon the accused by the Department shall remain in full force and effect." Ill. Rev. Stat. 1987, ch. 111, par. 2332.

It is the Department's contention that because the circuit court's jurisdiction to review final administrative decisions of the Illinois Department of Professional Regulation is granted to it by statute, the limits of the court's jurisdiction are also defined by statute. Specifically, the Department argues that any authority the circuit court has to enter stays in administrative matters emanates only from the legislature and may therefore be restricted by the legislature. For support the Department cites to *Blumstein v. Clayton* (1985), 139 Ill. App. 3d 611, 487 N.E.2d 1176. In *Blumstein*, a physician, who had his license temporarily suspended following an administrative proceeding, brought an interlocutory appeal from the circuit court's denial of his petition for a stay of sanctions pending review. The *Blumstein* court affirmed the circuit court's ruling denying a stay based on a provision of the Medical Practice Act that is identical in substance to the provision of the Dental Practice Act quoted above. Ill. Rev. Stat. 1985, ch. 111, par. 4447 (repealed by Pub. Act 81—999, §4.4, eff. October 1, 1987) (the Regulatory Agency Sunset Act, eff. September 22, 1979).

Citing to article VI, section 9, of the Illinois Constitution, the court in *Blumstein* noted that the courts "shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, §9, quoted in *Blumstein*, 139 Ill. App. 3d at 615, 487 N.E.2d at 1178.) The *Blumstein* court reasoned that administrative review is fundamentally different from original jurisdiction and that when a

court is exercising statutory jurisdiction it is not concurrently exercising original jurisdiction. In support of this proposition, the court in *Blumstein* quoted the case of *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893, 895-96, wherein the Illinois Supreme Court stated that "when a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source."

In *Fredman*, the supreme court addressed a substantive right unknown to common law, that is, the right to have a circuit court review the final administrative decision concerning the levy of a tax assessment. In the present case, the right that Ardt seeks to preserve by invoking the injunctive power of the court is the fundamental right of freedom of speech. The Department, in arguing the merits of this case, has in fact recognized that one of the issues is whether the advertising portions of the Dental Practice Act unconstitutionally abridge Ardt's freedom of speech. That the regulations under scrutiny may be found to be a permissible restriction of Ardt's right does not detract from the threshold issue of whether the circuit court, in the meantime and in the face of legislation to the contrary, has the jurisdiction to issue a stay to preserve Ardt's right.

We believe that it has. The court's authority in this regard emanates, not from statute, but from the court's general equitable powers. It has long been recognized that equity may be invoked to protect personal liberties guaranteed by the Constitution. (See *Kenyon v. City of Chicopee* (1946), 320 Mass. 528, 70 N.E.2d 241; 175 A.L.R. 430 §15, at 466-67 (1948); D. Dobbs, Remedies §2.11 (1973).) In the present case, Ardt asserted in the circuit court that the provisions of the Dental Practice Act under which he was sanctioned improperly abridged his constitutionally protected freedom of speech. He requested the circuit court to impose a stay of sanctions while he pursued the substantive merits of his argument. Whether the court properly exercised its authority in granting Ardt's motion for a stay is a question distinct from whether the court had the authority to do so. (See 175 A.L.R. 430 §3, at 446-47 (1948).) In the present case, the question of the court's proper exercise of authority is a moot issue, as during the pendency of the interlocutory appeal the court reached a decision on the merits. However, to the extent that section 32 of the Dental Practice Act restricts the equitable power of the court to issue a stay where appropriate, we agree with plaintiff Ardt that the statute improperly infringes upon the power of the judiciary. See generally *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170 (the

legislature may not unduly infringe upon the inherent power of the judiciary to adjudge, determine and render a judgment).

The primary issue that Ardt raises in his appeal of the merits is whether the provisions of the Dental Practice Act governing a practitioner's advertising are an unconstitutional violation of Ardt's freedom of speech. Under section 45 of the Dental Practice Act, a dentist may advertise certain information regarding his services, including information "which a reasonable person might regard as relevant in determining whether to seek the dentist's services." (Ill. Rev. Stat. 1987, ch. 111, par. 2345(h).) Section 45 prohibits, however, advertising statements that contain "false, fraudulent, deceptive or misleading material or guarantees of success." (Ill. Rev. Stat. 1987, ch. 111, par. 2345.) Section 45 specifies that it is unlawful for a dentist to use claims of "superior quality of care to entice the public," or "[t]o advertise in any way to practice dentistry without causing pain." Ill. Rev. Stat. 1987, ch. 111, pars. 2345(h)(1), (h)(2).

Also in effect during the time Ardt publicized his allegedly improper advertising was an administrative regulation promulgated pursuant to the Dental Practice Act. The then existing regulation stated that "[a]dvertising may not use language suggesting a dental specialty which does not exist under the Dental Practice Act. Example: Family Dentistry, Family Practice." (68 Ill. Adm. Code §1220.421 (Supp. 1988).) The quoted section of the regulation was later changed to read as follows:

> "Advertising shall not use language suggesting a dental specialty which is not specified in section 1220.320 of this Part unless it contains the disclaimer required in subsection (g) above [licensed to practice as a general dentist ***]. Examples of language requiring disclaimer: family dentistry, ***." (13 Ill. Reg. No. 13, 4191, 4207 (March 31, 1989).)

Ardt's advertising, which he placed into publication in the spring of 1988, offered "affordable *** family dentistry," "quality dentistry," and "total comfort," all terms the Department of Regulation objects to as violative of the Dental Practice Act.

The initial question we must determine is which administrative regulation regarding the use of the term "family dentistry" is to apply to Ardt. The Illinois Department of Regulation agrees that the advertising in question took place during the time the old regulation which absolutely prohibited the use of the word "family dentistry" was in effect. However, the Department asserts that Ardt was charged under the new regulation which allows a dentist to use the term "family dentistry," if he further disclaims that he is licensed as a

general dentist. The Department argues that the new regulation should be given retroactive effect. The Department asserts that charging Ardt under the new regulation did not prejudice him, as he was acting in violation of both the old and the new regulations.

 █ Under the present circumstances, we disagree with the Department's analysis. When a change of law merely affects the remedy or law of procedure, it will be given retroactive effect. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) However, where a vested, constitutionally protected right will be deprived by retroactive application, changes in the law will not be applied retrospectively. (*Maiter*, 82 Ill. 2d 373, 415 N.E.2d 1034.) For the reasons set out below, we believe that the former section 421 administrative regulation was an unconstitutional abridgement of Ardt's freedom of speech. Retroactive application of the amended version of section 1220.421 would therefore serve to divest Ardt of the fundamental guarantee of free speech under which he was acting at the time he placed his advertisement.

 As a consequence, we confine our analysis of the constitutionality of the administrative regulation section 1220.421 to a review of the former regulation. Ardt does not disagree that in the area of commercial speech, the State has an interest in limiting speech that is misleading or potentially misleading. With respect to the advertising of professional services, the United States Supreme Court has stated:

> "At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest." *Central Hudson Gas & Electric Corp. v. Public Service Comm'n* (1980), 447 U.S. 557, 566, 65 L. Ed. 2d 341, 351, 100 S. Ct. 2343, 2351.

 █ In a further refinement of the general rule articulated in *Central Hudson*, the Supreme Court in *In re R.M.J.* (1982), 455 U.S. 191, 71 L. Ed. 2d 64, 102 S. Ct. 929, held that the State may not place an absolute prohibition on potentially misleading information provided the information may also be presented in a way that is not deceptive. (See also *Parker v. Commonwealth of Kentucky, Board of Dentistry* (6th Cir. 1987), 818 F.2d 504.) In the present case, the State

has an interest in protecting the public from false or misleading advertising and advertising that detracts from the public's ability to make a fair and informed selection of a dentist. However, inasmuch as the term "family dentistry" may be construed as merely describing a client base, we do not believe that the term is inherently misleading, but only potentially so. As such, we believe that the unamended version of section 1220.421, in its categorical ban on the term "family dentistry," is an overly restrictive abridgement of Ardt's commercial speech, and therefore unconstitutional. The Department has offered little argument to the contrary.

 As for the terms "quality dentistry" and "total comfort," we believe these terms to be misleading in themselves. Therefore, an outright prohibition on the use of such terms is not unconstitutional. Inasmuch as all dentists must meet certain standards to be licensed, advertising which implies superior standards is misleading. As the Supreme Court in *Bates v. State Bar of Arizona* (1977), 433 U.S. 350, 383-84, 53 L. Ed. 2d 810, 835-36, 97 S. Ct. 2691, 2709, noted without deciding, "advertising claims as to the quality of services *** are not susceptible of measurement or verification [and] may be so likely to be misleading as to warrant restriction."

Similarly, the term "total comfort" implies dentistry without pain, a matter of opinion that Ardt has not attempted to prove, and which is nevertheless not objectively verifiable. In *Peel v. Attorney Registration & Disciplinary Comm'n* (1990), 496 U.S. 91, 110 L. Ed. 2d 83, 110 S. Ct. 2281, the Supreme Court distinguished between statements of opinion and statements of objective facts, such as certification as a civil trial specialist, from which quality might be inferred.

 █ Ardt further argues that section 45 of the Dental Practice Act and section 1220.421 of title 68 of the Administrative Code are impermissibly vague as they do not inform with reasonable precision the acts that are prohibited. (*United States v. Brewer* (1891), 139 U.S. 278, 35 L. Ed. 190, 11 S. Ct. 538.) We believe that the provisions in question are reasonably clear enough to serve as a guide to those who must comply with them. (*Chemed Corp. v. State* (1989), 186 Ill. App. 3d 402, 542 N.E.2d 492.) The regulations specify the type of conduct that is prohibited and in some cases give examples. That section 45 both permits advertising and restricts it does not in itself make the statute unconstitutionally vague. We believe that the boundaries between permissible and impermissible advertising are clearly defined. Further, we believe that within the context of the regulations as a whole, such terms as "false, fraudulent, deceptive, and misleading" are susceptible to common understanding by members of the

dental profession and not, as Ardt argues, so broad that no reasonable person can understand the language. See *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247 (term "unprofessional conduct" not impermissibly vague).

Ardt also argues that several procedural defects in the administrative proceedings served to violate his right to procedural due process. Among the misconduct that Ardt alleges is his charge that the administrative hearing was conducted contrary to administrative regulations. Specifically, Ardt contends that he was never notified of the date and time of his alleged offense, reasonably informed of the charges against him, or provided with complete documentation. Ardt asserts that the Department ignored a discovery request which he made pursuant to 68 Illinois Administrative Code section 1110.130 (Supp. 1988).

■■ A review of the record reveals that despite notice, Ardt failed to appear at the first informal conference scheduled by the Department to discuss his case, and later at a formal administrative hearing he left after giving an opening statement. He did not present witnesses or evidence. Moreover, section 1110.130 of the Administrative Code entitled Ardt to the name and address of any witness, copies of documents to be offered as evidence, and a description of other evidence to be offered; information that the Department substantially provided. The Department did not respond to Ardt's interrogatories; however, we do not believe that this omission constitutes a violation of Department procedures. Further, although there was some confusion created because the version of section 1220.421 with which Ardt was being charged did not correspond to the date of the offense, we believe that Ardt was nevertheless reasonably informed of the provisions under which the Department was charging him. (See *Wierenga v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 270, 352 N.E.2d 322 (party not reasonably informed where statutory violation was neither alleged in complaint nor mentioned at hearing).) For these reasons, we believe that Ardt received the essential elements of a fair hearing before an administrative agency: an opportunity to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling upon the evidence. *Mahonie v. Edgar* (1985), 131 Ill. App. 3d 175, 476 N.E.2d 474.

■■ ■ Ardt's next argument is that he was denied equal protection of law through the selective enforcement of the advertising provisions of the Dental Practice Act. Specifically, Ardt asserts that another dentist who used the words "Complete General & Family Dentistry" in his advertising was not sanctioned. We agree with the

Department of Regulation that Ardt's assertion as it stands does not support an allegation of discrimination in the enforcement of the Dental Practice Act. As was the case with the plaintiff in *Hameetman v. City of Chicago* (7th Cir. 1985), 776 F.2d 636, Ardt has not argued that he was singled out for an invidious reason, such as race or political beliefs. The State is not required to enforce its laws with exacting thoroughness at the price of not enforcing them at all.

■■■ ■ Ardt's final argument is that the circuit court erred in failing to overturn the Department's ruling based on the overly harsh nature of the sanctions. A reviewing court will not substitute its judgment for that of an agency unless there has been an abuse of discretion. (*Citrano v. Department of Registration & Education* (1980), 90 Ill. App. 3d 937, 414 N.E.2d 74.) In the present case, in light of the Department's findings, which were based in part on the application of the amended version of 68 Administrative Code section 1220.421, we believe that the sanctions imposed upon Ardt were not overly harsh. His license was not revoked. He was ordered to pay a minimal fine and placed on probation for two years during which time he is to submit his potential advertising to the Department for approval. The purpose of the advertising provisions of the Dental Practice Act is to protect the public from misleading advertising. The sanction imposed upon Ardt was in keeping with this purpose and as such was not an abuse of the agency's discretion. See *Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 519 N.E.2d 1151.

■■ However, because we believe that it was the overly broad, and therefore unconstitutional, unamended version of 68 Administrative Code section 1220.421 that governed Ardt's activity at the time of his offense, it is necessary to remand this cause for a review of sanctions in keeping with our modification of the trial court's ruling.

Affirmed as modified and remanded.

LINN and JOHNSON, JJ., concur.