(No. 87-CC-2556—)

PRESTON ODER and SHIRLEY ODER, Claimants, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Order of Summary Judgment filed August 28, 1991.*

*Order filed November 6, 1992.*

MARCH & MILAN, for Claimants.

FRANKLIN, FLYNN & PALMER, for Respondent.

## ORDER OF SUMMARY JUDGMENT

PATCHETT, J.

This cause comes before the Court on the motion for summary judgment filed herein by the Respondent. The Court has carefully considered the motion for summary

judgment and attached deposition of Dr. E.L. Reinertson, a veterinary doctor from Iowa State University.

In addition, the motion for summary judgment was filed on May 3, 1991. To date, the Claimants have made no response. Therefore, the motion for summary judgment is hereby granted in favor of the Respondent and against the Claimant.

## ORDER

PATCHETT, J.

This case arose as a claim of veterinary malpractice against the University of Illinois School of Veterinary Medicine via a claim filed on March 4, 1987.

The Respondent filed a motion to dismiss on November 29, 1989. On February 28, 1990, this Court entered an order denying the motion to dismiss, and remanding the case to a commissioner for further proceedings. On May 3, 1991, the Respondent filed a motion for summary judgment. That motion for summary judgment was granted via an order entered on August 28, 1991.

On September 30, 1991, the Respondent filed a post-judgment motion requesting attorney fees. Oral argument was had on this motion on May 12, 1992.

Counsel for the Respondent argued that they were entitled to attorney fees as a result of something resembling Rule 137 sanctions. In response to specific questioning regarding jurisdiction to impose such attorney fees, counsel for the Respondent could point to no authority allowing this Court to enter such an order.

It is the opinion of this Court that we are without jurisdiction to enter an order assessing attorney fees as a form of sanctions against the Claimant.

154

Therefore, the post-judgment motion requesting attorney fees is hereby denied.