(No. 93-CC-0083-)

ROSCOE TAYLOR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 27, 1995.*

NELSON I. DUNITZ, for Claimant.

JIM RYAN, Attorney General (ROBERT T. LANE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Epstein, J.

This is a claim for attorney's fees for a false pleading by a State agency in the circuit court, which the Claimant has brought pursuant to Illinois Supreme Court Rule 137. This claim is before us on the Respondent's motion to dismiss which asserts three grounds: (1) failure to exhaust remedies (as required by section 25 of the Court of Claims Act (705 ILCS 505/25), and our rules); (2) failure to state a cause of action; and (3) lack of subject matter jurisdiction over this claim.

The allegations of the complaint are egregious. Claimant alleges that his tax refunds were withheld for six years and remitted to the Respondent's Department of Public Aid ("IDPA") based solely upon a false "affidavit of service of order for withholding" and a false "notice of delinquency" that were filed in the circuit court by IDPA personnel in a mistaken effort to collect child support from him when he was not liable for any child support obligations. Claimant alleges that these documents were false both in asserting the Claimant's obligation and in asserting that an underlying adjudication against him had been made, when in fact there was not even a case pending

against the Claimant. Claimant alleges, in effect, that the IDPA filed multiple false pleadings in the circuit court in a nonexistent proceeding.

After filing his claim in this Court, which originally sought return of the wrongfully withheld money as well as attorney's fees, Claimant successfully recovered his tax refunds from the Respondent. Claimant now seeks recovery here under Rule 137 for $17,880 of attorney's fees allegedly incurred in obtaining the order for the return of his tax refunds, as well as his costs and punitive damages.

As offensive as the allegations in this case are, this Court is constrained to agree with the Respondent's third point—which ought to be the first point raised—that this court lacks jurisdiction over this Rule 137 claim over an allegedly false pleading in another proceeding in another court, as we have previously held. (*Oder v. Board of Trustees of University of Illinois* (1991), 45 Ill. Ct. Cl. 152.) In addition to *Oder*, which was based on that Claimant's inability to locate a statutory jurisdictional basis, there are several reasons for our conclusion.

First, as Respondent correctly points out, the general jurisdictional grant in our Act expressly excludes "claims for expenses in civil litigation" (section 8(a), Court of Claims Act; 705 ILCS 505/8(a)). We recognize that the statutory language of section 8(a) is facially ambiguous: the "civil litigation" phrase is susceptible of being read both within the jurisdictional grant as well as within the exception. However, the ultimate conclusion, informed by legislative draftsmanship, English grammar, the canons of statutory construction and, ultimately, by the apparent intent of the 80th General Assembly that added this phrase to section 8(a), is necessarily that claims for civil litigation are *not* within our section 8(a) jurisdiction.

The language of section 8(a) of our statute, in context, is as follows:

"§8. Court of Claims jurisdiction. The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workers' Compensation Act or the Workers' Occupational Diseases Act, or claims for expenses in civil litigation."

The ambiguity, of course, lies in the placement of the disjunctive phrase "or claims for expenses in civil litigation" at the very end of the sentence, where it may be read as part of the antecedent exclusion that commences with "other than * * *," or where it may be read as a continuation of the beginning litany of claims over which jurisdiction is being granted.

The grammatical structure of the phrase suggests that it is part of the exclusion. The subject of the phrase is "claims for expenses" or, more narrowly, "claims." This is parallel to the construction of the exception clause, which excludes various "claims." This is not parallel to the construction of the jurisdictional grant, which does not repeat the term "claims" but instead contains a short litany of legal foundations for claims. Thus the draftsmanship tends to support reading the civil litigation expense provision as an exception to our jurisdiction.

Another aspect of the draftsmanship of section 8(a), the location of the phrase at the end of the sentence, is also persuasive. The placement of this phrase after the "other than" exclusion language invites an exclusionary interpretation; this placement makes sense only if the drafter's intention were to add it to the exclusion. If the intention had been to add this phrase to the jurisdictional granting clause, there is no apparent reason not to have placed the phrase before the exclusion and thus clearly within the granting language.

More convincing, however, is the analysis of the specific legislation that added this phrase to section 8(a) in 1977. The 80th General Assembly enacted House Bill 1502 over the veto of the governor in November, 1977, which thereby became Public Act 80-1097. This amendatory act made two distinct changes in the law.

Public Act 80-1097 amended section 41 of the [former] Civil Practice Act to authorize, for the first time, fee awards against the State and State agencies for false pleadings and, in connection with that change, added the "or claims for expenses in civil litigation" phrase to section 8(a) of the Court of Claims Act. These related changes were added to H.B. 1502 by Senate Amendment number 1, in which the House of Representatives later concurred. (Not relevant here, P.A. 80-1097 also amended section 9 and section 22 of the Court of Claims Act to make time limits and rules in this Court jurisdictional; that was the original purpose of H.B. 1502 as introduced in the House.)

Initially, it is clear that the insertion of the "civil litigation expenses" phrase into section 8(a) by the Senate amendment was an integral part of its purpose in extending the former section 41 fee sanction remedy to the State. In this context, it would have made no sense and served no purpose for the legislature to have amended section 8(a) in order to *grant* jurisdiction to the Court of Claims over the newly-authorized fee claims against the State. This follows because in the absence of any change to the section 8(a) language, that section *already* would have provided just such jurisdiction, through the operation of its existing language "claims against the State founded upon any law of the State of Illinois." The amended section 41 would become a substantive law authorizing a claim against the State, and the general clause of our section 8(a) jurisdictional grant would have applied

to it. Thus, the subject phrase—if read as a grant of jurisdiction—would be redundant and superfluous. We are instructed by the canons of statutory construction not to adopt a superfluous interpretation of statutory language, as the legislature is presumed to speak all statutory words with effect.

This analysis militates strongly for a reading of the "civil litigation" phrase as an exclusion from our jurisdiction—an exclusion made necessary by the pre-existing language of section 8(a), which otherwise would have given our Court *exclusive* jurisdiction over these section 41 fee claims and would thus have precluded jurisdiction in the circuit court. The General Assembly made an election as between this Court and our courts of general jurisdiction for the disposition of section 41 fee claims against the State and opted for the other courts. This conclusion is further supported by the language of section 41 to the effect that its provisions are to apply to the State "in the same manner" as other parties (P.A. 80-1097, section 1, amending section 41 of [former] Civil Practice Act).

This conclusion is confirmed by the *Legislative Synopsis and Digest of 1977* (spring and fall sessions), a publication of the General Assembly itself (by its Legislative Reference Bureau) which is a non-authoritative guide to pending legislation's contents and status. The digest was published weekly during legislative sessions. The digest entry for Senate Amendment number 1 to House Bill 1502 reads, in material part, as follows:

"* * * Excludes from jurisdiction of the Court of Claims, claims for expense in civil litigation. Amends the Civil Practice Act and provides that the State of Illinois or any agency thereof shall be subject to the provisions of this Section in this Section [sic] in the same manner as any other party. * * *."

While not necessarily dispositive, this contemporaneous staff digest, which was before the enacting 80th General Assembly unchanged throughout the legislative history of

H.B. 1502 following the adoption of the Senate amendment, including the veto-override vote, is compelling.

Thus we conclude that "claims for expenses in civil litigation" are outside of the section 8(a) jurisdiction of this Court. This, of course, only excludes this subject matter from the section 8(a) jurisdiction of this Court, and is potentially not the last word on the subject of our subject matter jurisdiction. A complete jurisdictional analysis requires consideration of the remaining provisions of the Court of Claims Act, particularly section 8, and of other Illinois statutes which might provide a jurisdictional basis here.

However, this secondary analysis is brief indeed. The remaining provisions of section 8 of our Act plainly fail to grant jurisdiction to us to award attorney's fees for a false circuit court pleading under Rule 137 or otherwise. Finally, neither Claimant's nor our own research have disclosed any arguable jurisdictional basis in any other Act for this Rule 137 claim.

Third, and dispositively—but as the Respondent fails to point out—Rule 137 itself expressly restricts jurisdiction under the rule to the "same proceeding" and thus the same court (or a reviewing court) in which the allegedly false pleading was filed:

"All proceedings under this rule shall be within and part of the civil action in which the pleading, motion, or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question."

This provision of Rule 137 precludes relief in another court in another action, which is precisely what the Claimant seeks by this claim. In this case, the rule remits the Claimant to the circuit court for his remedy. This, finally, ends the analysis.

We appreciate that the allegations before us state that there was no underlying circuit court proceeding, at least initially, in which the false pleading was filed, and thus there was arguably no legitimate "civil action" in which the Claimant could have presented his attorney's fee petition within the strict language of Rule 137. Nevertheless, that fact cannot and does not give this Court jurisdiction. Moreover, the Claimant also alleges that he was able to secure a court order for the return of his tax funds. It is unexplained why Claimant was unable, or failed, to bring his Rule 137 claim in that proceeding, in the proper court, rather than here. What is clear is that as sympathetic as we may be with the Claimant's story (assuming, of course, as we must at this stage, that his allegations are true), this Court lacks the subject matter jurisdiction to entertain his Rule 137 claim for fees.

Because we hold that we lack jurisdiction over this claim, it is unnecessary to reach or decide the other issues advanced in the Respondent's motion.

This claim is dismissed for want of subject matter jurisdiction.