(No. 94-CC-1955—

EDWARD W. ARDT, Claimant, *v.* THE STATE OF ILLINOIS and the ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION, Respondents.

*Order filed May 5, 1995.*
*Opinion filed March 8, 1996.*

JAMES D. GOODMAN, for Claimant.

JIM RYAN, Attorney General (IAIN D. JOHNSTON, Assistant Attorney General, of counsel), for Respondents.

## ORDER

EPSTEIN, J.

This claim for recovery of $53,000 of litigation expenses is brought pursuant to section 10—55(c) of the Illinois Administrative Procedures Act ("APA") (5 ILCS 100/10—55(c)), on the basis that the Claimant had secured a judicial invalidation of a State administrative rule.

This claim is now before the Court on the Claimant's motion for summary judgment which has been fully briefed.

Claimant apparently brought this claim directly to this Court in January, 1994, after our supreme court's December, 1992, affirmance of the appellate court order that invalidated, on constitutional grounds, an administrative regulation of the Department of Professional Regulation ("Department") that had regulated advertising by dentists. (*Ardt v. Illinois Department of Professional Regulation* (1992), 154 Ill. 2d 138, 607 N.E.2d 1226, affirming 218 Ill. App. 3d 61, 578 N.E.2d 128 (1st Dist. 1991).) The Claimant was significantly but not entirely successful in that litigation. He was also partly victorious in his challenge to various department rules. As the Claimant points out, the appeals in that litigation were lengthy and burdensome: Claimant's initial appeal to the circuit court led to another by him and spawned two appeals by the department which the Claimant was obliged to defend. After the appellate process concluded, the Claimant asserted in this Court, seemingly for the first time, his statutory claim for recovery of his "reasonable expenses of the litigation" to which he claims entitlement under APA section 10—55(c) as a result of his having invalidated administrative rules in that litigation.

Before the Court can take up the merits, a threshold issue must be resolved. The Court is constrained to raise, on its own motion, the issue of its subject matter jurisdiction to adjudicate *ab initio* this fee claim. Although it is settled that this Court has exclusive jurisdiction to adjudicate a claim and to enter a judgment against the State when an Illinois statute permits liability against the State (and waives sovereign immunity), this Court's jurisdiction to adjudicate a claim must be based on a statutory grant. This Court is entirely a creature of statute.

We observe that section 8(i) of the Court of Claims Act contains a specific grant of jurisdiction to this Court to adjudicate certain litigation expense claims under section 10—55(a) of the APA, but section 8(i) on its face appears not to provide jurisdiction over claims brought under APA section 10—55(c). (See 705 ILCS 505/8(i).) Similarly, the language of APA section 10—55 is unclear, especially in light of the different "court" references contained in paragraphs (a) and (c) of that section. Ultimately, it is uncertain whether or not the APA or the Court of Claims Act, both invoked in this case, or any other Illinois statute, singly or collectively, grant subject matter jurisdiction to this Court, either exclusively or concurrently with the circuit and appellate courts, to adjudicate fee awards under APA section 10—55(c) [formerly section 14.1(b)]. Because this Court's jurisdiction is entirely statutory, an analysis of all of the pertinent statutes and of their interplay and of their legislative histories and legislative intent is required. This is most appropriately done, initially, by the litigants.

We also observe that this case appears to be a procedural case of first impression, i.e., this is apparently the first case in which a litigation expense Claimant under APA section 10—55(c) has come initially to this Court, rather than proceeding first in the circuit or reviewing court for a fee award and then bringing that award here for review and entry of a judgment. See, e.g., *Citizens for a Better Environment v. State* (1987), 39 Ill. Ct. Cl. 205 (appellate court award); *Cooper-Becker v. State*, No. 92-CC-2792 (unpublished order, Montana, C.J., adopting fee award ordered by circuit court); *Kaufman Grain Co. v. State* (1990), 42 Ill. Ct. Cl. 290 (entering award imposed by appellate court in *Kaufman Grain Co. v. Director, Dept. of Agriculture* (4th Dist. 1989), 179 Ill. App. 3d 1040, 534 N.E.2d 1259, 1265.)

We believe it is appropriate and necessary to have full briefing of this issue by the parties before further consideration of this case. It is therefore ordered:

1. Claimant and Respondent are directed to file supplemental briefs or other submissions on, and limited to, the following:

   (a) Supplementing the record with portions of the record in the circuit, appellate or supreme courts, as either party deems relevant to this Court's consideration of the jurisdictional issue;

   (b) The issue of the jurisdiction of this Court to adjudicate *ab initio*, and in lieu of the trial or reviewing court, the recovery of litigation expenses under section 10—55(c) of the Administrative Procedures Act; and

   (c) If a party contends that such jurisdiction is granted by law, whether such jurisdiction of this Court is concurrent or exclusive;

2. Claimant's and Respondent's supplemental briefs shall be filed within 60 days after the entry of this order.

3. Either party may file a supplemental reply within 30 days after the other party's supplemental brief is filed. Requests for oral argument shall be filed by that date.

4. The Claimant's summary judgment motion is taken under advisement.

## OPINION

EPSTEIN, J.

This claim for recovery of $53,000 of administrative litigation expenses was brought pursuant to section 10—55(c) of the Illinois Administrative Procedures Act (the

"APA") (5 ILCS 100/10—55(c)), on the basis that the Claimant had secured a judicial invalidation of a State administrative rule. This claim is before the Court on the Claimant's motion for summary judgment, fully briefed, and this Court's later inquiry as to its jurisdiction (see, order of May 5, 1995), which was supplementarily briefed and orally argued to the full Court.

## 1. The Facts

Claimant, a dentist, was the subject of an administrative action by the Department of Professional Regulation (the "department") relating, *inter alia*, to his professional advertising. In that proceeding, the Claimant challenged the validity on constitutional grounds of various rules and regulations of the department that regulated dental advertising and which were the basis, in at least substantial part, of the department's action against the Claimant. That litigation wound its way from an administrative hearing in the department, to the circuit court, to the appellate court and, finally, to the supreme court, which affirmed the appellate court's decision that invalidated administrative regulations of the department. *Ardt v. Illinois Department of Professional Regulation* (1992), 154 Ill. 2d 138, 607 N.E.2d 1226, affirming 218 Ill. App. 3d 61, 578 N.E.2d 128 (1st Dist. 1991).

In that exhaustive litigation, the Claimant was partially and significantly but incompletely victorious. He was also substantially but incompletely victorious in his challenge to various department rules. Nevertheless, he was undisputedly successful in invalidating administrative rules. It is also clear that the last two of these lengthy and burdensome appeals resulted from the department's appeals from orders adverse to it, which the Claimant was obliged to defend and which he defended successfully.

Claimant brought this claim directly to this Court in January, 1994, well after the supreme court's opinion of December, 1992. In this Court, Claimant asserted his statutory claim for recovery of his "reasonable expenses of the litigation" under APA section 10—55(c), to which he claims entitlement as a result of his having invalidated administrative rules of the department in that litigation. His "reasonable expense" claim is for $53,000.

## 2. The Jurisdictional Issue

This Court raised the jurisdictional issue, which we characterized as the "subject matter jurisdiction [of the Court of Claims] to adjudicate *ab initio* this fee claim" (order of May 5, 1995). We noted then that our jurisdiction must be based on a statutory grant, as this Court is entirely a creature of statute and its authority devolves solely from statute.

We also observed that the provision of our statute that was invoked to provide jurisdiction, section 8(i) of the Court of Claims Act (705 ILCS 505/8(i)), contains a specific grant of jurisdiction to this Court to adjudicate litigation expense claims brought under section 10—55(a) of the APA, but not over claims brought under APA section 10—55(c). The Court asked the parties to brief this facial jurisdictional distinction between section 10—55(a) and section 10—55(c) claims, and we invited analysis of the question of

"whether or not the APA or the Court of Claims Act * * * or any other Illinois statute, singly or collectively, grant subject matter jurisdiction to this court, either exclusively or concurrently with the circuit and appellate courts, to adjudicate fee awards under APA §10—55(c) [formerly §14.1(b)]."

Finally, in throwing this jurisdictional issue back to the litigants, the Court reviewed, non-exhaustively, the procedural history of these section 10—55(c) fee claims in this Court. We observed that this case appeared to be a

procedural case of first impression, i.e., that this was apparently the first case in which a litigation expense Claimant under APA section 10—55(c) has come initially to this Court, rather than proceeding first in the circuit or reviewing court for a fee award. We pointed out that in those cases, the fee award adjudicated in the courts of general jurisdiction had been brought here for review and entry of a judgment. See, e.g., *Citizens for a Better Environment v. State* (1987), 39 Ill. Ct. Cl. 205 (appellate court award); *Cooper-Becker v. State*, No. 92-CC-2792 (unpublished order, Montana, C.J., adopting fee award ordered by circuit court); *Kaufman Grain Co. v. State* (1990), 42 Ill. Ct. Cl. 290 (entering award imposed by appellate court in *Kaufman Grain Co. v. Director, Dept. of Agriculture* (4th Dist. 1989), 179 Ill. App. 3d 1040, 534 N.E.2d 1259, 1265.)

### 3. The Positions of the Parties

Claimant contends that this Court has the exclusive jurisdiction to adjudicate section 10—55(c) fee claims under the Court of Claims Act and under general principles of Illinois sovereign immunity law, particularly in the absence of any jurisdictional grant to any other court over section 10—55(c) fee claims on which the legislature has waived sovereign immunity. Claimant relies on section 8(a) of our Act, the general jurisdictional grant to this Court to adjudicate "claims against the state founded upon any law of the State of Illinois * * *" and, to a lesser extent, on section 8(i) of our Act, which he argues was not intended, or cannot sensibly be read to have been intended, to be limited to administrative cases that are not litigated beyond the administrative level. Claimant argues, consistently, that the adjudications of the fee awards in *Citizens for a Better Environment, supra,* and *Kaufman Grain Co., supra,* by the appellate court, and in

*Cooper-Becker, supra,* by the circuit court, were improper and without jurisdiction (but were seemingly salvaged by this Court's adoption of those courts' awards).

The Respondent takes precisely the opposite position. The State takes the unqualified position that this Court lacks any jurisdiction to adjudicate claims brought under section 10—55(c) by virtue of the absence of a specific statutory grant of jurisdiction over section 10—55(c) claims.

Neither the Claimant nor the State advocates, or recognizes any argument that might support, the notion of concurrent jurisdiction of this Court and the Illinois courts of general jurisdiction over APA section 10—55(c) fee and expense claims.

### 3. The Opinion

Analysis of our jurisdiction traditionally and appropriately starts with our own statute, the Court of Claims Act, and commences particularly with section 8, the jurisdictional section of our Act. This is because the General Assembly has for many years followed a general practice of legislating grants of jurisdiction and other powers to this Court within that Act, usually by amending section 8. That legislative practice, however, is not constitutionally mandated. Accordingly, review of our Act does not necessarily exhaust the potential statutory sources of our jurisdiction.

Initially, then, we have reviewed our Act and the arguments of the parties. Sections 8(a) and 8(i) of the Act, which are invoked here, provide as follows:

"Section 8. Jurisdiction. The court shall have exclusive jurisdiction to hear and determine the following matters:

   (a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workmen's Compensation Act or the Workmen's Occupational Diseases Act, or claims for expenses in civil litigation.

* * *

(i) All claims authorized by Section 14.1(a) of the Illinois Administrative Procedure Act for the expenses incurred by a party in a contested case on the administrative level."

For the reasons that follow, we conclude that neither section 8(a) or section 8(i) of the Court of Claims Act grant jurisdiction to this Court over administrative litigation expense claims arising under APA section 10—55(c).

Although a superficial consideration of section 8(a) may suggest that these section 10—55(c) fee claims might be covered by its "founded upon any law" language, as Claimant urges, that does not take account of the statutory exclusion of "claims for expenses in civil litigation" contained in the same provision. And although the civil litigation expense clause of section 8(a) is somewhat ambiguous on its face, it is ultimately an *exclusion* of such expense claims from the section 8(a) grant of jurisdiction as this Court has held. *Taylor v. State* (1995), 48 Ill. Ct. Cl. 369.

As it is clear that the administrative review litigation that is the subject of this claim is civil litigation, it follows that "expenses in civil litigation" under section 8(a) of our Act encompasses the fees and expenses sought in this case, and excludes this claim from our section 8(a) jurisdiction.

The analysis of our section 8(i) jurisdiction is briefer. That provision simply does not include APA section 10—55(c) claims, and Claimant has not persuaded us that there is any basis on which we could, or should, construe the statute other than as it plainly reads—or fails to read.

The Claimant argues, essentially, that the General Assembly made a legislative error in including section 10—55(a) but not section 10—55(c) in this jurisdictional grant, and that a literal application of the omission will leave section 10—55(c) Claimants with a right devoid of a

remedy, which is to be avoided. That is not a senseless argument. But it lacks merit under the full statutory circumstances. (In any event, it would require more than a merely harsh result for this Court to find and "cure" a possible legislative error, and at a minimum there would have to be a strong showing of legislative error contrary to legislative intent, which is utterly missing here.)

There are three answers to Claimant's arguments on section 8(i). First, the statute itself manifests a plain intent to have a limited reach. The statute includes language that explicitly limits our section 8(i) jurisdiction to "expenses incurred by a party in a contested case *on the administrative level.*" (Emphasis added.) This language eliminates any hint of inadvertence in the drafting of section 8(i), and plainly fails to reach administrative cases that reach judicial review. This is not an instance of a purely numerical cross-reference in a statute that might be misdrafted.

Second, the statutory scheme of the APA section 10—55 manifests a coherent and rational legislative scheme. Under APA section 10—55, there are only two situations in which a Claimant can get reimbursement for his or her litigation fees and expenses: (1) in an agency-initiated case that *"does not proceed to court* for judicial review," and (2) on an issue on which a *"court does not have jurisdiction * * ** under Section 2—611" [now Supreme Court Rule 137] (Emphasis added.) It is only in these instances where the Claimant can eventually come to this Court under APA section 10—55(b), which is the procedural implementation section for section 10—55(a). On the other hand, section 10—55(c)—which is in issue here—is *not* limited to expenses "at the administrative level" and *only* comes into play where there has been a judicial invalidation of an administrative rule. Thus, section

10—55(c) involves *only* judicial proceedings in the courts of general jurisdiction. The APA's bifurcation of its statutory remedy into non-judicial cases and judicial cases, with a distinct procedure for each, is entirely rational. That the APA allows jurisdiction over section 10—55(a) claims to remain in the circuit court (or the reviewing courts) rather than vesting this Court with jurisdiction over them is a legislative choice that this Court cannot and should not question.

Third, Claimant's contention that this Court's refusal to exercise jurisdiction over his section 10—55(c) fee and expense claim will leave him, and other administrative litigants similarly situated, without a remedy is effectively disposed of by the analysis above. It seems clear that jurisdiction to adjudicate administrative litigation expense claims under APA section 10—55(c) lies in the circuit court or the reviewing courts. Contrary to the Claimant's suggestion, no statutory grant is required to provide such jurisdiction to the circuit, appellate or supreme courts, whose underlying jurisdiction to adjudicate all justiciable controversies flows not from statute but from article VI of the Illinois Constitution of 1970.

Of course, a claim that is barred by sovereign immunity, such as a claim against a State agency for litigation expenses, is non-justiciable for that reason. The legislative waiver of sovereign immunity over claims against the State for litigation expenses in administrative proceedings—which is effected by APA section 10—55—is necessary to *remove* the jurisdictional impediment against adjudicating these claims against the State as a defendant. But once that impediment is removed by statute, as it has been by section 10—55(c), the constitutional jurisdiction of the circuit, appellate and supreme courts applies fully to those administrative expense claims, unless the legislature

prescribes jurisdiction elsewhere, such as this Court, as it traditionally does but as it has not done for these claims.

Claimant misapprehends the law when he contends that *all* claims over which sovereign immunity has been waived must be adjudicated in this Court. That is, of course, the general rule in Illinois. And, for those claims that are governed by the Court of Claims Act, exclusive jurisdiction in this Court is the rule. But jurisdiction here is the general rule because—and only because—the General Assembly has chosen to vest jurisdiction in this Court over most otherwise-immunized claims against the State. But most is not all.

There are a few classes of claims against the State where the General Assembly has opened the door to liability but has left jurisdiction in the circuit and reviewing courts rather than specifying exclusive jurisdiction here. For example, fee award cases for bad faith pleading by the State (under former section 2—611 and now seemingly under Supreme Court Rule 137) are heard in the courts in which the pleading offense occurred, which ordinarily is in the circuit court. (*Taylor v. State* (1995), 48 Ill. Ct. Cl. 369.) We now hold that the same is true of APA section 10—55(c) claims for litigation expenses.

Our review of the remainder of the section 8 provisions and of the other sections of the Court of Claims Act failed to disclose any plausible basis for jurisdiction in this Court over section 10—55(c) expense claims. None of the parties has suggested a jurisdictional predicate in any other statute.

However, before terminating the analysis, and notwithstanding the failure of the Claimant to argue the point, we consider the possibility that the references to "court" in APA section 10—55(b) and (c) itself might itself constitute a grant of jurisdiction, and if so, whether

the statute's use of the generic and uncapitalized term "court" might encompass this Court as well as the state courts of general jurisdiction, even though, as the State emphatically points out, the statute uses the capitalized term "Court of Claims" in section 10—55(b). We agree that this strongly suggests an intended distinction between "court" and "Court of Claims." It is not altogether clear, however, just what distinction was intended.

We have given this much consideration. Although we accept the point that the two terms should be read to have different meanings, we do not agree with the State's argument that "court" necessarily excludes the Court of Claims. We have found nothing in the APA's language or policy or available legislative history that calls for that construction. Thus it is plausible that the APA, or at least the APA amendment enacted in Public Act 82-670, contemplated concurrent jurisdiction over section 10—55(c) claims, by this Court and the court that invalidates or reviews the invalidation of the administrative rule (which triggers the State's liability under section 10—55(c)).

However, we are persuaded otherwise by the legislative history of these provisions. The General Assembly's inclusion of a companion amendment to our Act granting us jurisdiction (over the section 10—55(a) claims) in the same enactment in which it added the administrative expense remedy to the APA demonstrates that the legislature did *not* intend the APA language itself to be a jurisdictional grant. See Public Act 82-670 (adding [currently-numbered] section 10—55 to the APA and adding section 8(i) to the Court of Claims Act). If the APA's language was intended or understood to be a jurisdictional grant, there would be no reason to amend the Court of Claims Act to grant us jurisdiction a second time. The canons of construction mandate us to adopt an interpretation that avoids

redundancy in statutory language where possible, and we do so. Accordingly, we must find that the APA language was not a jurisdictional grant. For this reason, jurisdiction is unavailable to this Court under the provisions of APA section 10—55.

That, finally, exhausts the analysis which leaves this Court without jurisdiction and the Claimant in the position, as he put it, of trying to convince a reluctant court elsewhere in Illinois that it has jurisdiction to hear his administrative expense claim. We intimate no views on Claimant's contention that section 10—55(c) may create an independent action, and we intimate no view on whether the supreme, appellate or circuit courts that heard the original litigation—in which this fee and expense claim clearly could have been adjudicated—still have or could reassert that jurisdiction to entertain Claimant's petition. We do observe in passing that no statute of limitations has been brought to our attention that would bar this claim in this or any other court.

This Court understands, as Claimant has aptly pointed out, that our conclusions as to the jurisdiction of other courts may not be binding or even persuasive, particularly as we hold that we lack jurisdiction to do anything but issue this opinion and dismiss this case in this Court. Nevertheless, that conclusion impacts on our ultimate holding, and is germane to Claimant's argument that this statutory claim must have a remedy in some court. That oft-made argument has particular resonance in this case.

This Court, however, lacks jurisdiction to entertain this administrative litigation expense claim brought under APA section 10—55(c). Accordingly, this claim is dismissed, without prejudice to reassert it in a court of competent jurisdiction.